**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAY LEE VAUGHN,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>C. WEGMAN,<br><br>    Defendant-Appellee,<br><br> and<br><br>BOWMAN,<br><br>    Defendant. | No. 19-15547<br><br>D.C. No. 1:15-cv-01902-LJO-JLT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted May 6, 2020[**]

Before:    BERZON, N.R. SMITH, and MILLER, Circuit Judges.

California state prisoner Ray Lee Vaughn appeals pro se from the district

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in his 42 U.S.C. § 1983 action alleging violations of the First Amendment, the Fourteenth Amendment's Equal Protection Clause, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), arising out of the denial of his request for inclusion on the prison's Jewish religious services list and kosher meal plan. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1247 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment on Vaughn's First and Fourteenth Amendment claims because Vaughn failed to raise a genuine dispute of material fact as to whether Wegman personally participated in the decisions that Vaughn challenges, or exercised authority over the individuals who made those decisions. *See Mendiola-Martinez*, 836 F.3d at 1247 (explaining that summary judgment is proper if a plaintiff "fails to make a sufficient showing to support an element of" his claims); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (explaining that in order to demonstrate liability under § 1983, "there must be a showing of personal participation in the alleged rights deprivation").

The district court properly dismissed Vaughan's RLUIPA claim as moot because Vaughn was transferred to a different prison where he now receives kosher meals and there is no reasonable expectation that Wegman will violate his rights in the future. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015)

(explaining that "RLUIPA does not authorize suits for damages against state officials in their individual capacities"); *see id*. (explaining that claims for injunctive relief are moot once the "inmate is removed from the environment in which he is subjected to the challenged policy or practice" (citation and internal quotation marks omitted)).

Vaughn's motion for a temporary restraining order (Docket Entry No. 24) is denied.

**AFFIRMED.**